GEORGE S. GRIMES v. BEN R. TOENSING.[1]

June 18, 1937.

No. 31,409.

*Harry S. Swensen* and *George S. Grimes,* for appellant.
*William E. G. Watson,* for respondent.

PER CURIAM.

This is an appeal by the plaintiff from an order of the municipal court of Minneapolis dismissing an action which was brought against his partner for conversion of partnership funds.

[1]Reported in 273 N. W. 816.

. Plaintiff and defendant were partners in the practice of law under an agreement which expired December 31, 1934. January 10, 1935, defendant drew out of a Minneapolis bank the $438.25 balance of the partnership account. Plaintiff later commenced this action alleging that the partnership was dissolved and terminated December 31, 1934, that all the debts of the partnership had been paid, the capital distributed, and that in connection with the bank balance it had been mutually agreed between plaintiff and defendant that it was to be divided according to the partnership contract. Defendant answered alleging that of the money in the bank account certain amounts belonged to clients of the partnership and the balance belonged to him, and that the matters complained of in plaintiff's pleading were a part of and subject to the result of an accounting action pending before the Hennepin county district court. A reply set up a general denial to the answer.

Upon motion supported by affidavits and the pleadings, the municipal court took the view that it had no jurisdiction to entertain the action since it has no equity jurisdiction to hear an action for an accounting and for the further reason that there can be no conversion action between partners before termination of the partnership.

We have quoted with approval, in Ruschoff v. Wachsmuth, 185 Minn. 579, 242 N. W. 296, the rule cited in 47 C. J. p. 811, § 261, that one partner cannot maintain a conversion action against a copartner where there has been no settlement of the partnership affairs. Certain exceptions to the rule are cited in the same section. The question here is whether or not there has been a settlement of the firm affairs as alleged in the complaint.

The partnership agreement, set forth in the complaint, provides that "all fees received for business of the partnership after termination of the partnership *shall be divided upon the basis of division of fees for the year during which the fees are collected."* (Italics supplied.) The percentages to which each was entitled varied in the different years of the partnership and according to certain supplemental agreements. The complaint alleged that the $438.25 here in dispute was, by agreement between plaintiff and defendant,

to be divided between them in the proportion to which each was entitled by the partnership agreement. Obviously it left to be determined when the fees were collected and by what part of the agreement they were controlled. It is therefore apparent from the face of the complaint that the rights of the parties must be determined by an accounting action, and that the partnership affairs, at the time this suit was commenced, were not terminated so as to permit this action in conversion.

Affirmed.