D. N. Schultz et al., Appellees, v. Harry L. Gilbert,
Trading as Gilbert Truck Lines, Appellant.

Opinion filed March 13, 1939.

Joe Crain, of Mound City, and C. S. Miller, of Cairo, for appellant.

Joseph O'Sullivan, of Mound City, J. Kelly Smith, of Mounds, and Asa J. Wilbourn, of Cairo, for appellees.

Mr. Justice Stone delivered the opinion of the court.

In this case plaintiffs, eight in number, joined their separate complaints in one action against the defendant, charging him with the negligence of his servant in operating his truck so as to injure the plaintiffs. The collision which brought about the injuries occurred on bond issue Route 2 in Pulaski county, Illinois. The suit was brought in the circuit court of Pulaski county.

The facts are not particularly material here, as this case calls for a construction of section 66 of the Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 190; Jones Ill. Stats. Ann. 104.066], which is as follows:

"In all civil actions each party shall be entitled to challenge five jurors without showing cause for such challenges. Where there is more than one plaintiff or more than one defendant, the judge shall allow additional challenges not to exceed three in number to each additional plaintiff or defendant without showing cause."

On the examination of the jurors, a juror by the name of Raymond Redcloud was tendered by the plaintiffs to the defendant and on his examination stated that he had been employed by the plaintiff, Alfred Shumaker, and that his employment would cause him to lean towards the side of Alfred Shumaker; that he would be biased and prejudiced in the trial of the cause. He was challenged for cause and the court examined him and after having explained that it was his sworn duty to disregard any feeling of prejudice and try the case upon the law and the evidence, asked the juror if he would do that, and the juror said he would, whereupon the challenge was overruled. Further examination was had in the presence of the reporter wherein

the same evidence was repeated and he again admitted his prejudice, and stated that it would take more evidence for him to return a verdict against Shumaker than it would for him, and that the way the most evidence was, was the way he felt he should go. The challenge for cause was renewed and denied and the defendant was obliged to exhaust his peremptory challenges.

In this case the defendant was not a resident of the county and the plaintiffs were all residents of the county and were known to nearly every one of the jurors. The plaintiffs exhausted their five challenges and were permitted additional challenges by the court, under the court's interpretation of section 66 of the Practice Act. These were allowed without their being assigned to any particular plaintiff. The defendant having used five peremptory challenges also challenged the juror, Lewis Brown, a personal acquaintance of most of the plaintiffs, without assigning cause. This challenge was denied by the court under the holding that additional challenges were not allowed to each side, but only for each additional plaintiff.

The jury thus impanelled found the defendant guilty as to five of the plaintiffs and assessed various damages for each of them. It found the defendant not guilty as to the other three plaintiffs. All were damaged in the same collision and all were subject to the same set of facts as shown by the proof.

The Practice Act provides that the act shall be liberally construed to the end that justice may be done according to the substantive rights of the parties. We are of the opinion that the word "to" in the foregoing section of the act refers to the ratio and that the legislature did not intend that where there are eight plaintiffs they should be entitled to twenty-one extra peremptory challenges and that the defendant would be entitled to none. On the other hand, we are of the opinion that that section insofar as it provides the extra

peremptory challenges for one set of parties, because of numbers, also means that the other set, either singly or in numbers, are entitled to the same ratio of peremptory challenges. An analogous case is found in the procedure in criminal trials where each defendant, however many there are, is entitled to the maximum of peremptory challenges. The State, on the other hand, is entitled to an equal number of peremptory challenges that is awarded to all of the defendants. This is done in the interest of justice and the wisdom of it is easily seen. Imagine a case where there are one hundred defendants, each entitled to ten peremptory challenges; the aggregate is a thousand; then suppose the people are entitled to but ten. The defendants would thereby be enabled almost to select the jury to their liking to the great detriment of the people represented on the other side. We see no difference in principle. In this case, if there had been one hundred plaintiffs, under the ruling of the court they would have been entitled to three hundred and two peremptory challenges as against five for the defendant. The injustice is obvious. This case presents almost that exaggerated state of facts. Here is a defendant in a strange county where he knew no one; the plaintiffs were all residents of Pulaski county. He was allowed five peremptory challenges and the other side might have been allowed twenty-six under the trial court's construction of the statute. In this case the injustice appears. The defendant was forced to exhaust his last peremptory to get rid of a venireman who had disqualified himself. This particular venireman was asked if he had a prejudice and he said that he had, and he gave the reasons why. Upon being asked the stock question if notwithstanding his prejudice he could try the case fairly and impartially according to the law and the evidence, he answered that he could. A reporter was brought in and the same procedure was gone through and the same state of mind exhibited by the venireman. The court

allowed him to sit. This was within the sound discretion of the court, and the court was probably in the best position to judge, but it is apparent that the defendant did not want this venireman and he was forced either to take him or to exhaust his last peremptory challenge, which in the last instance he did. Then when he undertook to exercise a peremptory challenge on another venireman the court held that he was entitled to none and so he had to take a jury against his wishes and obviously against his better judgment.

The right of peremptory challenge is a right to exclude jurors, not to select them. It enables a party to say who shall not try his case, but it does not enable him to select the particular jurors by whom he wishes his case tried. In the instant case defendant was deprived, by the ruling of the trial court, of his right to say who should not try his case; and the same ruling created a possibility for plaintiffs to select the veniremen they desired to pass on the merits of their respective cases.

A case may well be imagined in which an unscrupulous plaintiff joins a number of ''phoney'' plaintiffs for the sake of increasing his power to select the jury he wants by use of his extra peremptory challenges, and then when that end has been accomplished, withdraw such fraudulent plaintiffs. This would be a fraud upon the defendant and the court, the avenue to which would seem to be opened by the statute itself.

To uphold the construction placed on this section of the Practice Act by the trial court would grant benefits and advantages to one class and impose burdens and penalties on another class in the same action. Such a construction would render the act obnoxious to the constitution. Where from particular language an interpretation can be given which would permit an equal enjoyment of benefits, or an equal imposition of burdens, such a meaning must be adopted.

We think that the ruling of the court in pursuance of its construction of the above section did not tend to promote justice. We are rather of the opinion that in this particular case it made a fair and impartial trial to defendant highly improbable.

As this case must be reversed because of the erroneous construction by the trial court of this section, we are not under obligation to comment further on other happenings at the trial. However, since the issue must be tried again we call attention to what seems to us manifest errors, in order that the same may be avoided at the next trial. We are not reversing this case because of the inconsistency of the verdicts, but it seems strange to us that three of these plaintiffs who proved damages,—the evidence in some instances uncontradicted, should be denied the right to recover after the defendant was found guilty, while five of the others received substantial damages, under the same state of facts, particularly is this so with reference to the child in the front seat of the automobile,—a child who was incapable of contributory negligence. These facts tend to show that this case or these cases did not have the consideration by the jury which law and justice demand.

Unfortunately the right, under the Practice Act, to join an unlimited number of plaintiffs in one case does not carry with it the knowledge in the jury how to handle the intricate conditions which such a proceeding imposes upon the jury. It is, therefore, important that a jury in such cases should be clearly and accurately instructed.

The court gave to the jury on behalf of plaintiffs the following instructions:

"In estimating the plaintiffs' damages, if the jury find for the plaintiffs, or either of them, it is proper for the jury to estimate the effect of the injury in the future upon such plaintiffs' health, if any, as well as the effect

it has had upon them already, and the bodily pain and suffering, if any, endured by them, including the necessary expense and all damages, present and prospective, which will be a necessary result of the injury, if any, inflicted by the defendant upon the plaintiffs, so far as shown by the evidence.

"If, from the evidence of the case and under the instructions of the Court, the jury shall find the issues for the plaintiffs, or either of them, and that the plaintiffs have sustained damages as charged in the complaint, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make such an estimate from the facts and circumstances in proof, if sufficient such facts are in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life.

"The Court instructs the jury, that if they shall find the defendant guilty, it will then be their duty to assess the plaintiffs' damages respectively at such a sum as the evidence may show, if anything, which they respectively have actually sustained as the direct and proximate result of such injury, taking into consideration their loss of time, their pain and suffering, their necessary and reasonable expenses in being cured or attempting to be cured, if such facts are shown by the evidence; and if the jury shall believe, from the evidence, that the plaintiffs or any of them are permanently injured and such injuries are incurable, they should take that into consideration in assessing such plaintiffs' damages." These instructions were all erroneous and are subject to the criticisms levelled at them. They treat all the plaintiffs as if they were one; they virtually tell the jury if one may recover they all may. They place as elements of damages some things that some of the plaintiffs could not recover for under

the issues, pleadings and evidence in this case. They give the right to the plaintiffs,— any or all of them, to recover for expenses without saying what expenses. They leave it so that if any one is permanently injured they all may recover for permanent injuries. They leave it to the jury to speculate on the amount of damages without any evidence covering certain elements, saying that no opinion of such elements is necessary to be proven. Doctor bills, hospital bills, loss of services are all capable of proof to a mathematical certainty and no jury is entitled to speculate on them, although they are not compelled to separate damages as to injuries in making up the amount due because of injuries. They make no limit to what pain and suffering may be recovered for. Such instructions have been universally condemned. *Chandler v. Gifford,* 223 Ill. App. 486; *Lyman v. Chicago City Ry. Co.,* 176 Ill. App. 27; *Harley v. Aurora, E. & C. Ry. Co.,* 149 Ill. App. 339; *Western Union Telegraph Co. v. Woods,* 88 Ill. App. 375; *Hopkins v. Whelan,* 217 Ill. App. 248.

We realize that it is not easy to make clear to a jury all the issues involved in this lawsuit. However, the same act which allows innumerable plaintiffs to be joined in one law suit, also gives the power to the court to sever the issues when in the interest of justice such severance seems expedient.

The judgments of the circuit court are reversed and the causes remanded to that court for a new trial to be conducted in harmony with the views herein expressed.

*Judgments reversed.*