**GLOBE INDEMNITY CO. et al. v. STRINGER.**

**No. 13530.**

United States Court of Appeals
Fifth Circuit.

July 27, 1951.

Richard H. Switzer, John M. Madison, Shreveport, La., for appellants.

Percy N. Browne, G. M. Bodenheimer, Jr., Shreveport, La., John B. Amos, Fort Walton, Fla., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This is an appeal from a judgment entered by the court below on a jury verdict for the plaintiff in a civil action to recover damages for personal injuries and damages to an automobile. The action by appellee against the appellants, Globe Indemnity Company and The Hunter Company, Inc., was brought under Louisiana Act No. 55 of 1930, which grants to persons injured or damaged by a motor vehicle covered by insurance against public liability a right of direct action against the insurer company to recover such damages as they may have sustained by the fault of the insured. The decisive question presented is whether under the circumstances next appearing the trial judge committed reversible error in limiting both appellants to a total of three peremptory challenges.

The record discloses that, at the time when the jurors were being examined, counsel for The Hunter Company addressed this inquiry to the court, "Your

Honor, will each defendant have three challenges?", and the court in response answered: "Yes, sir." Following this ruling, counsel for The Hunter Company peremptorily challenged three jurors. The selection of a jury proceeded until the jury box was again filled, whereupon Mr. Switzer, counsel for appellant, Globe Indemnity Company was in the act of exercising one of its peremptory challenges when the following transpired:

"Mr. Switzer: We will excuse Mr. Alexander.

"Mr. Bodenheimer: If the Court please, they used three.

"The Court: I thought you certainly understood it was per side.

"Mr. Switzer: I misunderstood your Honor.

"The Court: You accept the jury? It is per side.

"Mr. Switzer: I think your Honor has misled us.

"The Court: I wouldn't say so. It is the law. If I told you otherwise I would have to take it back. Swear them in."

Two alternate jurors were then selected and sworn, whereupon counsel for appellants, each in their respective interests, again reiterated their objections to the court's refusal to allow additional peremptory challenges.

The perusal of this colloquy leaves no doubt in our minds that the district judge inadvertently misunderstood the initial question of counsel and mistakenly assuming that the query was whether each side would be allowed three peremptory challenges, unwittingly answered in the affirmative. And that when the district judge did act with knowledge of the situation and the circumstances, he made it plain that he intended to refuse, and did refuse, to consider and act upon appellants' request for the allowance of additional peremptory challenges because he was of the opinion that the court had no power to grant the

request. We must accept the statement of the judge himself as to the meaning of his action for we have no other way of testing what he had in mind save through his words as the record discloses them.

The present law in respect to peremptory challenges, 28 U.S.C. § 1870, unlike its predecessor,[1] is as follows:

"In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs shall be considered as a single party for the purposes of making challenges. If there is more than one defendant the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

"All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court."

The language of the statute is that the court "may allow" etc. While this gives the court discretion in applying it, this is not an arbitrary or unreasonable discretion, but a judicial discretion reviewable where the record discloses its improper or unreasonable exercise. The denial of such a request for additional peremptory challenges upon the sole ground that the law forbade would in our judgment be an improper exercise of that discretion, or, more accurately, a failure or refusal to exercise it. The court's action was in error as a matter of law and we cannot hold it harmless error. See Beck v. Wings Field, Inc., 3 Cir., 122 F.2d 114, 116.

The appellants did not know nor had they reason to believe that the court, in granting the request for additional peremptory challenges, had not acted with knowledge, understanding and discretion. They acted on the faith of this ruling and doubtless used peremptory challenges on prospective jurors that they would not have used had they known that the court

1. Sec. 287 of Judicial Code, 28 U.S.C.A. § 424. " * * * in all other cases, civil and criminal, each party shall be entitled to three peremptory challenges; and in all cases where there are several defendants or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of all challenges under this section. * * *"

would subsequently rule that the law did not permit the allowance of additional peremptory challenges in excess of the three which had then been used. The harmful effect and net result of this sequence of errors was that one appellant used its three peremptory challenges and the other appellant, Globe Indemnity Company, who was to pay the entire verdict which might be rendered, up to $100,000, was left with no peremptory challenges. In addition, an objectionable juror was forced upon this appellant, the challenging party, and sat upon the jury after appellant, over its protest that it had been misled, was deprived of the material right of a peremptory challenge.

The judgment of the District Court is reversed and a new trial ordered.