ELLENBECKER, Appellant v. VOLIN et al., Respondents

(71 N. W.2d 208)

(File No. 9383. Opinion filed June 23, 1955)

Rehearing denied August 1, 1955

**G. J. Danforth, Jr.,** Sioux Falls, **Edward A. Danforth,** Minneapolis, Minn., for Plaintiff and Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Defendant and Respondent Verlynne V. Volin.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendant and Respondent Paul R. Billingsley.

SICKEL, J.   This is an action commenced by Jo Ann Ellenbecker, as plaintiff, against Verlynne V. Volin and Paul R. Billingsley, physicians and surgeons practicing as partners, defendants, to recover damages for injuries suffered by plaintiff which, it is claimed, resulted from malpractice and lack of skill in performing an operation.   The jury returned a verdict for defendants and plaintiff appealed.

Plaintiff's complaint alleges that plaintiff consulted defendants as physicians and surgeons, and upon their advice

submitted to an operation for the removal of an ovarian cyst, in which operation both defendants participated; that as a result of defendants' negligence in performing the operation plaintiff suffered damages in the sum of $50,000. Defendants served separate answers in which they denied plaintiff's allegations of negligence and also denied that they were partners. The trial was commenced on September 15, 1952.

On motion of counsel for defendants, and over plaintiff's objection, defendants were allowed three peremptory challenges each. To this ruling plaintiff excepted. Plaintiff then requested that she be allowed six peremptory challenges, and this request was denied by the court. Defendants exercised five of the challenges allowed to them. After the selection of the jury was completed plaintiff's counsel made a motion to strike the jury panel and for a mistrial, on the grounds stated in the previous motions. This motion was also denied. All of the rulings of the circuit court upon the above motions have been assigned as error by appellant.

The assignments of error relating to peremptory challenges involve the construction of SDC 33.1310 which provides: "Either party may challenge the jurors, but where there are several parties on either side they must join in a challenge before it can be made, except when the parties on the same side have conflicting interests they must each be allowed to examine and challenge separately, and must each be allowed the number of peremptory challenges provided by law. The challenges are to individual jurors, and are either peremptory or for cause. Each party is entitled to three peremptory challenges. If no peremptory challenges are taken until the panel is full, they must be taken by the parties alternately commencing with the plaintiff".

■ According to the terms of this statute several parties, either as plaintiffs or defendants, must join in any challenge before it may be exercised. Challenges for cause are unlimited as to number, but peremptory challenges are limited to three for each party with one exception, namely: When two or more parties on the same side have "conflicting interests". When that situation exists those parties having conflicting interests are each allowed three challenges.

Defendants insisted throughout the trial that their interests were adverse and conflicting and upon this theory the court allowed each defendant three peremptory challenges and at the same time denied plaintiff a number of challenges equal to both. A similar issue under a similar statute was presented to the Supreme Court of Illinois in the case of Schultz v. Gilbert, 300 Ill.App. 417, 20 N.E.2d 884, 885. In that case eight plaintiffs joined their separate complaints in one action against the defendant. They charged negligence of defendant's servant in the operation of a truck and resulting injuries to the several plaintiffs. The statute of Illinois in regard to peremptory challenges provided: "'In all civil actions each party shall be entitled to challenge five jurors without showing cause for such challenges. Where there is more than one plaintiff or more than one defendant, the judge shall allow additional challenges not to exceed three in number to each additional plaintiff or defendant without showing cause'." S.H.A.Ill. ch. 110, § 190. It appeared that after defendant has exhausted his five peremptory challenges and after plaintiff had exercised five peremptory challenges, the defendant attempted to exercise another. This challenge was denied by the court under the holding that additional challenges were not allowed to each side, but only for each additional plaintiff. On appeal the court said: "On the other hand, we are of the opinion that that section insofar as it provides the extra peremptory challenges for one set of parties, because of numbers, also means that the other set, either singly or in numbers, are entitled to the same ratio of peremptory challenges. * * * This is done in the interest of justice and the wisdom of it is easily seen". Further on the opinion of the court reasons that: "To uphold the construction placed on this section of the Practice Act by the trial court would grant benefits and advantages to one class and impose burdens and penalties on another class in the same action. Such a construction would render the Act obnoxious to the Constitution. Where from particular language an interpretation can be given which would permit an equal enjoyment of benefits, or an equal imposition of burdens, such a meaning must be adopted".

■ The Illinois statute quoted in Shultz v. Gilbert,

like our statute SDC 33.1310, does not provide specifically that where additional peremptory challenges are allowed to one side because of number, the other side, whether single or in numbers, shall be allowed the same number. However, we regard the construction of the Illinois statute in Shultz v. Gilbert, supra, as sound, and as necesssary to a fair and impartial trial by jury. We, therefore, hold that plaintiff was entitled to as many peremptory challenges in this case as defendants were allowed, and that the denial of that right was reversible error. Globe Indemnity Co. v. Stringer, 5 Cir., 190 F.2d 1017; Signal Mountain Portland Cement Co., v. Brown, 6 Cir., 141 F.2d 471; Kabathchnich v. Hanover-Elm Bldg. Corp., Mass. 119 N.E.2d 169.

After the jury was selected and sworn and before any further proceedings were had defendants were granted leave to amend their answers so as to include a demand that the proportions of their liability be determined at the trial according to the provisions of the Uniform Contribution Among Tortfeasors Law, SDC Supp. 33.04A. The answers were not so amended, but on that day defendant Billingsley served on his codefendant a cross-complaint denying his own negligence, alleging a disproportion of fault between the defendants and asking for a fair distribution of liability by contribution between defendants. This pleading was served September 17. At all stages of the proceeding defendants have been represented by separate counsel who were each permitted, over plaintiff's objection to cross-examine the witnesses produced by the other defendant, and both were permitted to cross-examine the witnesses of plaintiff. The case was submitted to the jury under instructions which directed that in case of a verdict for plaintiff the amount of damages be apportioned between defendants.

Appellant contends that defendants' liability is that of the partnership and of all the partners; that the right of contribution among the members of the partnership is based upon the partnership law and the contract; that the Uniform Contribution Among Tortfeasors Laws, SDC Supp. 33.04A, is inapplicable to an action for damages resulting from a tort committed by one or both partners in the course of partnership business, and that the damages cannot be apportioned

by the jury in this action on the basis of the relative degree of fault between the partners.

██ The general rule is stated in 68 C.J.S., Partnership, § 108, as follows:

> "As a rule, an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled; and a court of equity ordinarily will not interfere in matters of internal regulation of partnership affairs except with a view to dissolution of the partnership. * * *
>
> "The remedy of the complaining partner in such cases ordinarily is to be sought in an equity action for an accounting and settlement of the partnership affairs."

The following annotations are to the same effect: 21 A.L.R. 34; 58 A.L.R. 622; 168 A.L.R. 1091; Grimes v. Toensing, 200 Minn. 321, 273 N.W. 816.

The reason for the rule is stated in 68 C.J.S., Partnership, § 110: "An accounting and settlement between copartners is a condition percedent to an action by one against another on partnership claims and transactions for the following principal reasons: (1) A dispute of this nature ordinarily involves the taking of a partnership account, for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. (3) Such a suit would necessitate that the party complained of be both plaintiff and defendant. (4) One partner does not own or have a right to any specific portion of the partnership property".

██ In this case the cross-complaint of Billingsley, defendant, against Volin, his partner, defendant, alleges that these two defendants are partners engaged in the practice of medicine and surgery; that if it be found in this action that defendants are liable to plaintiff there is a disproportion of fault between defendants, and that in such case the rela-

tive degree of fault between defendants be determined, and that the defendant Billingsley recover from defendant Volin for contribution accordingly. Defendant Volin answered the cross-complaint admitting the partnership; he denied any negligence on his part, and joins his partner in asking for a determination of the degree of fault between defendants, if any be found. The partnership has not been terminated, and the record shows no proceedings, legal or equitable, for the winding up of its affairs and for an accounting and settlement between the partners. Therefore, the trial court erred in permitting the defendants to litigate the question of contribution and in submitting that question to the jury.

Judgment reversed.

RUDOLPH, P. J., and ROBERTS and RENTTO, JJ., concur.

SMITH, J. (dissenting in part).

I concur in the opinion in so far as it deals with the construction of SDC 33.1310.