282 So.2d 657 (1973)
Andrew M. BEVERLY et al., Appellants,
v.
Division of Beverage of the Department of Business Regulation, the Department of Business Regulation of the State of Florida, et al., Appellees.
No. S-426.
District Court of Appeal of Florida, First District.
September 6, 1973.
Rehearing Denied October 3, 1973.
Thomas F. Woods, of Woods & Johnston, and Carl R. Pennington, Jr., of Pennington & Wilkinson, Tallahassee, for appellants.
Herbert M. Klein, Miami, and J. Riley Davis, Tallahassee, for appellees.
PER CURIAM.
Appellants seek review of an Order of the Circuit Court of Leon County holding that no license to sell alcoholic beverages is presently available for issuance to appellants in Leon County.
Each of the appellants had initially applied to the Beverage Director for the issuance of a license to sell alcoholic beverages in Leon County. The Beverage Director denied the applications on the ground that no such license was available in Leon County. The appellants then joined together and filed a declaratory judgment suit seeking to establish that there is an available license in the County. As noted by the lower court:
"None of the plaintiffs claim that there is more than one license available, but they all contend that there is one, and each feels entitled to that one. So the plaintiffs are working together to establish the availability of one license, however, if they are successful in that endeavor they will then contend among themselves for that one license."
The Circuit Court upheld the position of the Beverage Director and concluded that there is no quota license available at this time for issuance to any of the appellants so as to authorize the operation of a liquor store in Leon County. The plaintiffs below now seek reversal of that Order.
*658 The facts of this cause are not in dispute, and the only issue for our determination is whether the trial court erred in its conclusion that the revocation of a previously existing liquor license rendered said license non-existent in view of a Special Act effective May 2, 1963.
Prior to February 22, 1962, the Skyline Restaurant in Tallahassee was the holder of a validly issued quota liquor license. At that time, the number of licenses which could be issued was limited by general statutory law to one license for each twenty-five hundred residents in the unincorporated areas of Leon County. And, prior to said date, all licenses which could be issued under such quota system had in fact been issued and were outstanding. On February 22, 1962, the "Skyline Restaurant" license was revoked, and no applications for said license were filed before May 2, 1963.[1] On said date, a Special Act, Chapter 63-1561, Acts of 1963, was enacted by the Legislature limiting the issuance of quota liquor licenses in the unincorporated areas of Leon County to one such license for each five thousand inhabitants. This resulted in Leon County being over-quoted, except for Section 3 of said Act which provided as follows:
"The terms and provisions of this Act shall not prevent nor prohibit the continuous renewal of any licenses heretofore issued."
Hence, the pivotal question is whether or not the revoked "Skyline Restaurant" license was an existing, but unissued, license. The appellants contend that the 1963 Special Act did not destroy the availability for reissuance of the remaining quota license in Leon County and that the revoked license is still legally available for reissuance. It is alleged that since said license was available for reissuance prior to the Special Act, it was available after the Act due to Section 3 which "grandfathered in" all existing licenses. Appellants further contend that it was the obvious intention of the Legislature that the number of licenses issued in Leon County would not be reduced, but in essence would be frozen at the then existing number until such time as the population of the county increased. To hold otherwise, assert appellants, would constitute a retroactive application of the Special Act. The mere fact that no individual was desirous of having the unissued license issued to him, contend appellants, should not and could not render such a valid, existing license void.
The Division of Beverage takes the contrary position that to issue appellants a license would be contrary to the present quota limitations imposed upon Leon County by the Special Act of May 2, 1963. It is urged that the obvious purpose of said Act was to effectively limit the number of quota liquor licenses available in the County for many years to come and to reduce the number of liquor stores in proportion to the population if and when a quota license were revoked. Section 3 of the Special Act, asserts appellee, was inserted for the protection of the then holders of valid licenses and was not intended to permit a non-licensee to obtain a license. It is further contended that the Beverage Division Director cannot be compelled to reissue a revoked license and that in view of the Special Act, the revoked "Skyline Restaurant" license is not legally available for reissuance or renewal under the laws of the State of Florida.
It appears to be agreed by all the parties herein, as well as the lower court, that prior to the effective date of the Special Act, the revoked license in question was available for reissuance to some applicant in the discretion of the Beverage Director. Hence, to restate the issue once again, the question for our determination is whether or not the Special Act's savings clause, Section 3 thereof, is applicable to the revoked license.
*659 A careful consideration of the following points has led us to conclude that the revoked "Skyline Restaurant" license is available for reissuance. First of all, we note with particular interest the difference in language between the savings clauses in the 1963 Special Act and the general law prevailing at the same time. The general statutory law provides in part that:
"The limitation upon the number of such licenses to be issued ... shall not apply to existing licenses nor to the renewal or transfer of such licenses but upon the revocation of any existing license no renewal thereof or new license therefor shall be issued contrary to the limitations herein prescribed. F.S. § 561.20(3), F.S.A. (Emphasis supplied.)
Had the position asserted by appellee herein been intended by the Legislature, it would have been a very simple matter for them to insert such language in the Special Act of 1963. Instead, they chose to use the following language:
"The terms and provisions of this act shall not prevent nor prohibit the continuous renewal of any licenses heretofore issued." (Emphasis supplied.)
It is a rule of statutory construction that general and special statutes should be read together and, if possible, harmonized. However, in the event of a conflict, the special statute will prevail in the absence of a clear legislative intent to the contrary. 30 Fla.Jur., "Statutes", § 115. Hence, it is our feeling that the particular language used in Section 3 of the 1963 Special Act refutes appellee's contention that a revoked license cannot be reissued contrary to the quota limitation set forth in said Act. In short, the "continuous renewal of any licenses heretofore issued" refers to revoked licenses, as well as to those licenses which have naturally lapsed or expired.
We think the correct construction of the statute was that made by two Florida Attorney Generals in opinions to the Director of the Beverage Department (treated below) in which was cited the Keating case, as authority, although factual aspects of the case were different.
In Keating v. State, 173 So.2d 673 (Fla. (1965), in which the primary question was somewhat different from the question involved in the case sub judice, the Supreme Court of Florida did enunciate some law which is applicable in this case, to wit: "... we cannot ... agree with the decision below that the revocation of the license was irrevocably placed beyond recall or modification." Therefore, the trial court was in error when it ruled that said license was "revoked, dead, and no longer exists".
Therefore under the Keating case supra, and the language of the Special Act 63-1561 (H.B. 283) at Section 3, wherein it is provided that this Act shall not prevent nor prohibit the continuous renewal of any licenses heretofore issued, it appears to us, and we so hold, that there was a license available at the time that the appellants made application therefor. We think the proper construction of a statute should be that where, from particular statutory language, an interpretation can be given which would permit an equal enjoyment of benefits, or an equal imposition of burdens, such meaning must be adopted.[2]
We think the construction in line with the benefits and burdens would be one which, when in doubt of Legislative intent, would grant the most benefits. These licenses have been held by our Supreme Court to be valuable property rights, and any one who desires or is otherwise qualified, is entitled to these rights (licenses) as a privilege to engage in this business.
Under the general law applicable to the number of licenses which could be issued in the unincorporated portions of Leon County, if application therefor had been made, it seems to be conceded that if such application had been made between the *660 date of revocation and May 2, 1963, the effective date of the Special Act, the Director could have been forced to issue license to a qualified applicant. If the "quota" license was available prior to May 2, 1963, the mere fact that no application was made within that limited time, does not negate the grandfather clause of 63-1561, Section 3, which authorized the renewal of, as said in Keating supra, or a new license for, any license theretofore issued.
This Court is not called upon to determine whether either or all of the applicants involved in this case are qualified or not. This will be a question for the Director to determine within reasonable discretion.
Furthermore, the appellee's position and the lower court's conclusion that the "Skyline Restaurant" license is revoked, dead and no longer exists is contrary to the provisions of Florida Statutes, §§ 561.32 and 561.58, F.S.A. These sections give the Beverage Director wide discretion in the transference or reissuance of a previously revoked liquor license. The former, § 561.32, provides that the transfer of a license, when revocation or suspension proceedings have been instituted against a licensee, shall be within the discretion of the Division. The latter, § 561.58, pertains to the reissuance of a revoked license for the location of the place of business formerly operated under such revoked license. Said statute provides that the Division may either prohibit or permit such a prior revoked license to be reissued, and moreover, states that "the maximum period of time that any such license shall be prohibited by the division from any such place of business shall be two years from the first day of the succeeding October following such revocation." Also, see Keating v. State, supra. While neither of these statutes are directly applicable to the facts sub judice, they do refute the appellee's position and the lower court's finding that a revoked license is dead and no longer exists. This coupled with the particular language adopted in the 1963 Special Act pertaining to the "continuous renewal of any licenses heretofore issued," and comparing said language with the wording used in the general statutory law, as discussed supra, leads us to conclude that there is an available quota liquor license in Leon County.
As pointed out supra, there is one final consideration which weighs heavily in favor of our conclusion in this case. In response to questions pertaining to this identical license in Leon County, two Attorney Generals of the State of Florida, in separate letters addressed to the Executive Director of the Department of Business Regulation, have opined that the Beverage Department in 1962 had the power, pursuant to F.S. § 561.58, F.S.A., to reissue the license which had been revoked. Since there was no finality to the revocation of the license in 1962, the intervening Special Act reducing the quota of liquor licenses in Leon County would not change the Director's power to reissue this license. This was the opinion of the then Attorney General, Honorable Earl Faircloth, on December 22, 1970; and Attorney General Robert L. Shevin concluded that "Mr. Faircloth's opinion is legally sound" in a letter dated March 19, 1971, in response to questions involving the same revoked "Skyline Restaurant" liquor license.
While the official opinions of the Attorney General of the State of Florida are not legally binding upon the courts of this State, they are entitled to great weight in construing the law of this State. The fact that two different Attorney Generals have reached the same conclusion with respect to the exact issue now before us lends considerable persuasive influence to their opinions and weighs heavily in favor of our conclusion herein. The Attorney General is supposed to be the legal advisor to the Beverage Department also.
For the reasons hereinabove set forth, the order appealed herein is reversed and *661 the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
JOHNSON and SPECTOR, JJ., concur.
WIGGINTON, Acting C.J., dissents.
NOTES
[1] In fact, no application for replacement or renewal of the revoked license was filed until January 4, 1971, when the application of one of the appellants herein was filed.
[2] Schultz v. Gilbert, 300 Ill. App. 417, 20 N.E. 884.