### KRAMER v. CITY OF FORT LAUDERDALE.
No. 75-3451 CC.

County Court, Broward County.

April 27, 1977.

Theodore R. Hainline of Fleming, O'Bryan & Fleming, Fort Lauderdale, for the plaintiff.

W. W. Caldwell of Caldwell & Hall, Fort Lauderdale, for the City of Fort Lauderdale as defendant-third party plaintiff.

David T. Price of Price & Byrne, Fort Lauderdale, for the Sheriff of Broward County as third-party defendant.

Betty L. Lee, General Counsel of Broward County, for Broward County as third-party defendant.

HARRY GULKIN, County Court Judge.

*Final judgment:* This cause was remanded for further proceedings by virtue of an order entered on August 27, 1976, by Circuit Judge George W. Tedder, Jr. Said cause thereafter came before this court for final hearing on March 15, 1977.

Based upon the pleadings, exhibits and stipulations entered into by and between the parties to said action, the court makes the following determinations —

### Findings of fact

On May 8, 1974, at approximately 8:50 a.m., in the city of Fort Lauderdale, one Jerry L. Becker was arrested, without warrant ,by members of the city of Fort Lauderdale police department, based upon probable cause to believe that he had committed, in the presence of members of the city of Fort Lauderdale police department, the felony of aggravated assault (F.S. 784.021) within the geographic boundaries of said municipality.

On the date and at the time in question, the alleged victim of said criminal offense, Ernest V. Justynski, was employed by the Fort Lauderdale police department as a certified law enforcement officer, was on duty and was wearing his police uniform.

During the criminal episode referred to, Officer Justynski fired one bullet from his service revolver striking Becker in the shoulder thereby causing personal injuries.

Immediately thereafter, Becker was transported by ambulance to North Beach Medical Center, located in Fort Lauderdale, where he was admitted for treatment of the injuries resulting from the bullet wound aforementioned. Prior to his being taken to and admitted by North Beach Medical Center, Becker had not been taken to the Fort Lauderdale city jail, nor had he been taken to the Broward sheriff's department for any routine booking procedures.

At the Medical Center, plaintiff, Paul W. Kramer, M.D., rendered medical and professional services for Becker, including surgery, until mid-June, 1974, for which he filed suit to recover $2,000.

On May 10, 1974 Becker was delivered to and taken into custody by third-party defendant, Edward J. Stack, as sheriff of Broward County.

During the commission of the aggravated assault and subsequent shooting, the only law enforcement agency that was actively participating was the Fort Lauderdale police department. No deputy sheriffs or other agents, servants or employees of the Broward County sheriff's department participated in or had any contact with either the arrest or transportation of Becker until May 10, 1974.

### Conclusions of law

Initially, the court concludes that the medical and professional services rendered by the plaintiff to the injured arrestee, Jerry L. Becker, were necessary, and the fee charged by the plaintiff was reasonable.

To determine the party against which the judgment should be entered, it is first necessary to ascertain the entity responsible for providing the medical care to the arrestee aforementioned.

Such responsibility will result from resolving the issue of whether Jerry L. Becker was a "county" prisoner or a "municipal" prisoner.

Section 951.23(1)(b), Florida Statutes, defines "county" prisoner as "a person who is detained in a county detention facility by reason of being charged with or convicted of either felony or misdemeanor."

A "municipal" prisoner is defined by Section 951.23(1)(d), Florida Statutes, as "a person who is detained in a municipal detention facility by reason of being charged with or convicted of violation of municipal law or ordinance."

The court has found no case dispositive of the issue raised in the matter *sub judice*. There are, however, several Attorney General opinions that are worthy of discussion herein.

In both AGO 072-346 and AGO 075-47, the Attorney General opined that a municipal police officer who arrests an individual for violation of a *state* law, either felony or misdemeanor, is acting on behalf of the state, and that an individual so arrested by a municipal officer for violation of state law is constructively a county prisoner for whose medical care the sheriff is responsible.

In addition to the cited Attorney General opinions, the Attorney General of this state opined, in AGO 076-139, that "a sheriff's or police department's duty to provide medical care is not precluded or delayed if a prisoner must be taken to a hospital directly upon arrest and before being taken to the detention facility for formal booking procedures."

The issue of the responsibility for providing medical care to a prisoner has been the subject of numerous Attorney General opinions, some of which have attempted to focus on the issue raised in the case at bar. See, AGO 072-346; AGO 074-72; AGO 075-35; AGO 075-47; AGO 075-194; AGO 076-139.

The court has no hesitancy in concluding that a municipality is responsible for medical care of municipal prisoners, while the county (sheriff) is responsible for county prisoners.

Based upon a reading of all the Attorney General opinions, *supra,* however, the court *cannot* conclude, based upon the facts of *this* case, that the person charged with violating a state criminal statute (F.S. 784.021), rather than a municipal ordinance or law, who was arrested by a municipal police officer, taken directly to a hospital for medical care and treatment, and then taken to the Broward County detention facility, was a county prisoner from the time he was first taken into custody.

The facts of the case that led to the issuance of AGO 075-47 are clearly distinguishable from the facts of the matter *sub judice.* In the former case, there was a police stake-out consisting of city *and* county police officers. In the present case, the Fort Lauderdale police department was the only law enforcement agency involved in the criminal episode.

This court is well aware that although the official opinions of the Attorney General of Florida are not legally binding upon the courts of this state, they are entitled to great weight in construing the law of this state. *Beverly v. Division of Bev. of Dep. of Business Reg.,* 282 So.2d 657 (Fla. 1st DCA 1973).

Based upon the distinct and narrow facts of the case under consideration, however, the court concludes that the theories and rationale set forth in the cited Attorney General opinions, *supra,* are not controlling nor are they applicable herein.

The court concludes, as a matter of law, that the arrestee was, at all times prior to his being delivered to the Broward County sheriff, a municipal prisoner.

For the reasons stated above, it is therefore ordered and adjudged that the plaintiff, Paul Kramer, M.D., do have and recover from the defendant, City of Fort Lauderdale, the amount of $2,000, plus interest in the amount of $348.

It is further ordered and adjudged that the defendant-third party plaintiff, City of Fort Lauderdale, take nothing from the third party defendants, Edward Stack, as sheriff of Broward County and Broward County a political subdivision of the state of Florida.