WOLF, J.
Appellant, Secretary of State Kurt S. Browning (Secretary), seeks review of a trial court’s order granting declaratory judgment in favor of appellees, the Florida Prosecuting Attorneys Association, Inc. (FPAA), Florida Public Defenders Association, Inc. (FPDA), and the State Employees Attorneys Guild (SEAG), declaring a budgetary proviso prohibiting the payment of Florida Bar (Bar) dues from funds appropriated to state agencies to be unconstitutional. We reverse, determining the trial court incorrectly concluded the budgetary proviso is unconstitutional.
On June 15, 2010, the FPAA filed a petition for a writ of mandamus in the Florida Supreme Court challenging the constitutionality of a proviso in section 8(3)(a)4 of House Bill 5001, which prohibited state agencies from paying Bar dues for that fiscal year. The FPAA argued the challenged proviso impermissibly amended existing law in section 216.345, Florida Statutes (2009), which authorized the payment of those dues. On June 30, 2010, the Florida Supreme Court transferred the petition to the Circuit Court of the Second Judicial Circuit for consideration as an action for declaratory judgment. The FPDA and SEAG claimed they, too, were subject *875 ed to the same harms suffered by the FPAA and were granted permission to intervene as plaintiffs on July 19, 2010. The trial court issued its Final Declaratory Judgment on August 18, 2010, in favor of the FPAA and intervenors. In the order, the trial court recognized its obligation to uphold a legislative enactment if possible to do so, and its limited authority to strike legislation only when the legislation plainly violates the Florida Constitution.
However, the trial court found no possible way to construe the challenged proviso, or section 216.345, in a way for the proviso to be upheld. In its ruling, the trial court stated section 216.345 “confers upon the head of any component of state government the right to pay dues for membership in a bar association from funds allocated to the component of state government if the agency head elects to do so.” For this reason, the court held because the challenged proviso eliminated the discretion of agency heads to pay Bar dues out of its allocated state funds, the proviso directly contradicted section 216.345, which authorizes discretion in the payment of such dues. Thus, the trial court declared the proviso to be unconstitutional in violation of article III, section 12 of the Florida Constitution, and ordered the Secretary to expunge the challenged proviso from the official records of the state.
The Florida Supreme Court in Brown v. Firestone found article III, section 12, and article III, section 6 of the Florida Constitution rendered a proviso within an appropriations bill unconstitutional if it conflicted with or modified an existing substantive law. Brown v. Firestone, 382 So.2d 654, 663-664 (Fla.1980). According to Brown, the Florida Legislature has authority to appropriate funds subject to two constitutional restrictions. First, article III, section 12 of the Florida Constitution requires “ ‘laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.’ ” Brown, 382 So.2d at 662 (quoting art. Ill, § 12, Fla. Const.). Second, article III, section 6 requires “‘every law shall embrace but one subject and matter properly connected therewith.’ ” Brown, 382 So.2d at 663 n. 4 (quoting art. Ill, § 6, Fla. Const.). These single subject requirements have two purposes: to prevent “logrolling,” and “to ensure the integrity of the legislative process in substantive lawmaking.” Brown, 382 So.2d at 663-64.
In interpreting these articles, Brown established two principles regarding appropriations: “First, an appropriations bill must not change or amend existing law on subjects other than appropriations.” Id. at 664. Second, article III, section 12 of the Florida Constitution only allows a qualification or restriction on an appropriation if it “directly and rationally relates to the purpose of an appropriation and, indeed, if the qualification or restriction is a major motivating factor behind enactment of the appropriation.” Id. The purpose of this test is to examine whether the Legislature has determined an appropriation is “worthwhile or advisable only if contingent upon a certain event or fact,” or whether “the qualification or restriction [is] being used merely as a device to further a legislative objective unrelated to the fund appropriated.” Id.[1]
The proviso in question is contained in section 8(3)(a)4 of House Bill 5001. This proviso states, “no agency may *876 expend funds provided in this act for Bar dues.” Fla. H.B. 5001, § 8(3)(a)4, at 401 (2010). Appellees claim this proviso violates section 216.345, which provides:
Professional or other organization membership dues; payment
(1) A state department, agency, bureau, commission, or other component of state government, or the judicial branch, upon approval by the head or the designated agent thereof, may utilize state funds for the purpose of paying dues for membership in a professional or other organization only when such membership is essential to the statutory duties and responsibilities of the state agency.
(2) Upon certification by a professional or other organization that it does not accept institutional memberships, the agency or branch may authorize the use of state funds for the payment of individual membership dues when such membership is essential to the statutory duties and responsibilities of the state agency or judicial branch by which the individual is employed. However, approval shall not be granted to pay membership dues for maintenance of an individual’s professional or trade status in any association or organization, except in those instances where agency or branch membership is necessary and purchase of an individual membership is more economical.
[[Image here]]
§ 216.345, Fla. Stat. (2009) (emphasis added). The issue of whether this statute includes authorization to pay Bar dues has previously been addressed by Florida’s Attorney General.[2] In 1977, immediately following the enactment of the statute, the Attorney General concluded because Bar dues are part of an attorney’s professional or trade status, the plain language of section 216.345(2) prohibited payment of these dues by an agency unless the agency’s own membership was necessary and individual payments were considered more economical. See Op. Att’y Gen. Fla. 247 (1977). While the opinion recognized State agencies were permitted to pay certain membership dues if the requirements in section 216.345 were met, these memberships would not include “professional” or “trade status” memberships. See Op. Att’y Gen. Fla. 247 (1977); Op. Att’y Gen. Fla. 19 (1984).
The Attorney General has consistently delineated that payment of dues for membership in the Bar was not permitted by section 216.345 because the payment of these dues was required to maintain an individual’s professional trade status. See Op. Att’y Gen. Fla. 247 (1977) (stating section 216.345 does not authorize payment of Bar dues for the public defender and his assistant from his agency’s appropriation); Op. Att’y Gen. Fla. 17 (1984) (stating section 216.345 does not authorize the payment of Bar dues for the public defender and his full time assistants); Op. Att’y Gen. Fla. 64 (1987) (stating a state attorney is not authorized to pay from appropriations for his office the dues of the Bar for himself and his assistant state attorneys).
The interpretations rendered by the Attorney General opinions are not unreasonable given the plain language of the *877 statute prohibits payments to maintain an individual’s professional or trade status.[3] As such, these opinions, coupled with the deference we are required to provide to the statute, establish that the proviso enacted by the Legislature does not conflict with Florida law. Accordingly, the ruling of the trial court granting declaratory judgment in favor of appellees is REVERSED.[4]
WEBSTER and ROBERTS, JJ., concur.

. There is no serious contention that the proviso in question was enacted for any policy purpose other than limiting the ability to expend the funds in a particular manner; we, therefore, do not address this issue.

. Attorney General opinions are not binding on Florida courts and can be rejected. However, this court has previously held Attorney General opinions "are entitled to great weight in construing the law of this State.” Beverly v. Div. of Beverage of Dep't of Bus. Reg., 282 So.2d 657, 660 (Fla. 1st DCA 1973). Furthermore, "[t]he fact that two different Attorney Generals [sic] have reached the same conclusion with respect to the exact issue now before us lends considerable persuasive influence to their opinions and weighs heavily in favor of our conclusion herein.” Id.

. While appellees argue another plausible explanation behind the statute’s interpretation, this court is not required to accept this alternative explanation because the court has an obligation to give a statute a constitutional construction where such construction is possible. Tyne v. Time Warner Entm't Co., 901 So.2d 802, 809 (Fla.2005) (finding the court has a duty, if reasonably possible, to resolve doubts as to the validity of a statute in favor of its constitutional validity).

. In reversing, we recognize the financial burdens on underpaid governmental attorneys. While it is not unreasonable to allow elected officials such as state attorneys and public defenders to exercise discretion in determining whether their budget allows for the payment of Bar dues for their employees, it is for the Legislature and not this court to change the law in this area.