744 P.2d 915

**Joseph CARRARO, Plaintiff-Appellant,**

v.

**WELLS FARGO MORTGAGE & EQUITY, a Massachusetts Business Trust, and Pat McClernon, Defendants-Appellees.**

**No. 9167.**

Court of Appeals of New Mexico.

Sept. 22, 1987.

Janet Santillanes, Klecan & Santillanes, P.A., Albuquerque, for plaintiff-appellant.

Gregory V. Pelton, Beall, Pelton, O'Brien & Brown, Albuquerque, for defendant-appellee Wells Fargo Mortg. & Equity.

Michael H. Harbour, Montgomery & Andrews, P.A., Albuquerque, for defendant-appellee Pat McClernon.

## OPINION

GARCIA, Judge.

Plaintiff appeals from an adverse verdict rendered in a slip and fall case.

He raises three issues on appeal: 1) whether it was unfair to allow defendants twice as many peremptory challenges as plaintiff; 2) whether defendants had diverse interests; and 3) whether the trial court erred in allowing each defendant seven challenges and allowing all the challenges to be exercised as to the regular jurors. Defendant Wells Fargo Mortgage & Equity Trust (Wells Fargo) cross-appeals, claiming the trial court erred in not granting its costs for jury fees.

## FACTS

This is a slip and fall case where plaintiff sued both the owner of the shopping center (Wells Fargo) where he fell and the architect (McClernon) who designed the shopping center. During the first trial of this case, plaintiff was awarded five peremptory challenges and the two defendants were awarded five challenges jointly. The trial ended in a mistrial.

The trial was rescheduled, and on the morning of trial, defendants claimed adverse interests and requested five peremptory challenges each. Plaintiff objected and requested that the court adhere to its ruling in the first trial that both defendants share five challenges. The trial court granted defendants' request for five challenges each, and denied plaintiff's request that he be given an equal number of challenges.

It was necessary to call a second panel to complete the jury. The trial judge allowed defendants and plaintiff two additional challenges. All of the challenges were exercised as to the regular panel, and the trial court did not require that the extra challenges be used only as to the alternates. Thus, plaintiff was allowed seven peremptory challenges and defendants were allowed fourteen peremptory challenges.

Plaintiff originally requested a six-man jury. Defendant Wells Fargo demanded a twelve-man jury and incurred $1,600 in jury fees. The jury returned a verdict in favor of Wells Fargo, and Wells Fargo then sought to recover for jury fees in its cost bill. The trial court refused.

## DISCUSSION

### Issue I

Plaintiff claims it was unfair to allow defendants twice as many peremptory challenges as plaintiff.

In pertinent part, SCRA 1986, 1–038(E) provides:

[I]f the relief sought by or against the parties on the same side of a civil case differs, or if their interests are diverse, * * * the court shall allow each such

party on that side of the suit * * * five peremptory challenges if the case is to be tried to a jury of twelve.

The heart of plaintiff's argument is that to deny him an equal amount of peremptory challenges as defendants deprives him of the right to an impartial jury. In his briefs and at oral argument, plaintiff claimed that to construe the rule to allow only parties on the same side of the suit to receive extra challenges was unconstitutional because it violated the due process clause. We find nothing in the record to indicate that plaintiff raised the due process argument during the trial, see *Totah Drilling Co. v. Abraham*, 64 N.M. 380, 328 P.2d 1083 (1958), and, since we do not consider peremptory challenges jurisdictional, we decline to discuss the constitutional question on appeal. See *Perry v. Staver*, 81 N.M. 766, 473 P.2d 380 (Ct.App.1970); SCRA 1986, 12–216(B).

Defendants argue that our rule expressly provides for additional peremptory challenges only *on that side* of the suit where the parties have diverse interests. We agree. To construe the rule as plaintiff would have this court do, would require an extension of the rule's plain language. It is improper for this court to give such an expansive construction to the supreme court rule. See *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). The language of the rule provides only for additional peremptory challenges to *diverse* parties. See *Sewell v. Wilson*, 101 N.M. 486, 684 P.2d 1151 (Ct.App.1984); *Trotter v. Callens*, 89 N.M. 19, 546 P.2d 867 (Ct. App.1976); Annotation, *Number of Peremptory Challenges Allowable in Civil Cases Where There Are More Than Two Parties Involved*, 32 A.L.R.3d 747 (1970); see also *Davila v. Bodelson*, 103 N.M. 243, 704 P.2d 1119 (Ct.App.1985).

A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. * * * Courts must take the act as they find it

and construe it according to the plain meaning of the language employed.

*Burch v. Foy*, 62 N.M. 219, 223, 308 P.2d 199, 202 (1957). See also *Perea v. Baca*, 94 N.M. 624, 614 P.2d 541 (1980). As a solitary plaintiff, plaintiff was clearly not entitled to additional challenges under diversity. A strict construction of the rule does not allow additional peremptories for any other reason.

Plaintiff relies on two foreign jurisdiction statutes and cases. The South Dakota statute, very similar to our own, provides that "when the parties on the same side have conflicting interests they must each be allowed to examine and challenge separately, and must each be allowed the number of peremptory challenges provided by law." S.D. Codified Laws Ann. § 33.1310 (1939) (codified as amended at § 15–14–8 (1984)). In *Ellenbecker v. Volin*, 75 S.D. 604, 71 N.W.2d 208 (1955), the South Dakota Supreme Court held that when extra peremptory challenges are granted for one set of parties, the other set, either singly or in numbers, is entitled to the same ratio of peremptory challenges. *Accord Schultz v. Gilbert*, 300 Ill.App. 417, 20 N.E.2d 884 (1939). Other jurisdictions relied upon by plaintiff have statutes which expressly provide for apportionment between the parties. *E.g.* Ill.Rev.Stat. ch. 110, para. 2–1106(a) (1985). We decline to adopt the constructions given by South Dakota and Illinois to their peremptory challenge statutes because we consider it overreaching. See *Alexander v. Delgado*.

Additionally, it is noteworthy that plaintiff neither claims nor offers evidence of any prejudice. While arguing that multiple defendants are, in essence, allowed to handpick a jury, there is nothing to indicate that the jury in this case was unfair or composed of defense-oriented persons. Nor does plaintiff point out any specific jurors that he would have challenged had he had more peremptory challenges. The general rule is that to be reversible, error must be prejudicial. See *State v. Lujan*, 94 N.M. 232, 608 P.2d 1114 (1980), *overruled on other grounds*, *Sells v. State*, 98 N.M. 786, 653 P.2d 162 (1982); see also SCRA 1986, 11–103(a). We hold that an

imbalance of peremptory challenges does not constitute error per se. The trial court is affirmed on this point based upon the plain language of the rule and plaintiff's failure to show prejudice.

### Issue II

 Plaintiff next argues that the two defendants in this case did not have diverse interests and, therefore, it was error to award each one five peremptory challenges. In determining whether the interests of the multi-parties are diverse, some of the factors considered by the trial court are: 1) whether the parties employed the same attorneys; 2) whether separate answers were filed; 3) whether the parties interests were antagonistic; and, 4) in a negligence claim, whether different independent acts of negligence are alleged in a suit governed by comparative negligence. *See Sewell v. Wilson; Trotter v. Callens.*

The trial court must make the determination as to whether there are diverse interests between parties prior to trial, since it cannot know what evidence will actually be presented, of necessity, the court must rely on the pleadings and the assertions of the parties. *See generally Sewell v. Wilson.* This determination of a preliminary question rests within the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion. *Morris v. Cartwright,* 57 N.M. 328, 258 P.2d 719 (Ct.App.1953).

In this case, both defendants retained separate counsel and filed separate answers. Plaintiff's claims were based on two issues: 1) that the ramp from which plaintiff fell did not have a nonskid finish as required under the Uniform Building Code; and 2) that there was foreign matter on the ramp. While the defense against the nonskid surface would essentially be the same for both defendants, the foreign matter question would only go to Wells Fargo. Thus, if plaintiff prevailed in his negligence claims, each defendant, as a concurrent tortfeasor, could be apportioned individual liability for damages based upon his percentage of fault. *Barlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982). Consequently,

the trial court did not abuse its discretion in determining that the two defendants had diverse interests.

### Issue III

 Both defendants exercised all their peremptory challenges before the second panel of jurors was called. The trial court subsequently allowed two additional challenges to both the plaintiff and to each defendant. The trial court allowed all the challenges to be used against the regular panel and did not require that the additional challenges be used only against the alternates. Under SCRA 1986, 1–047(B), this was error. The rule provides that additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed by the law shall not be used against an alternate juror. However, plaintiff failed to preserve this issue by not objecting. Non-jurisdictional matters upon which no decision of the trial court was sought or fairly invoked cannot be raised on appeal. *Groendyke Transport, Inc. v. New Mexico State Corp. Comm'n,* 85 N.M. 718, 516 P.2d 689 (1973). Additionally, a trial court's ruling regarding the use of peremptory challenges will not be reversed where no harm has been shown to have resulted to the objecting party from such ruling. *Wilson v. Ceretti,* 210 N.W.2d 643 (Iowa 1973). Thus, we decline to address this issue.

### Defendant Wells Fargo's Cross–Appeal

 Defendant Wells Fargo demanded a twelve-man jury in this case and incurred $1,600 in jury fees. At the time plaintiff's case was filed, NMSA 1978, Civ.P.Rule 38(h) (Repl.Pamp.1980) provided that "[t]he fees of a jury of twelve shall be paid by the party demanding the same and no part thereof may be taxed as costs." Prior to the time the case was tried, the supreme court amended the rule to provide that "the fees of jury paid by a party shall be taxed as a part of the costs of the case against the party losing the case." (Rule now cited as SCRA 1986, 1–038(H).)

Defendant Wells Fargo relies on the analogous case of *Mantz v. Follingstad,* 84

N.M. 473, 505 P.2d 68 (Ct.App.1972), in urging that the new rule was applicable, and consequently, it should have been awarded jury costs. In *Mantz*, plaintiff claimed that the 1971 amendment to increase expert witness fees from $150 to $750 was not applicable because the action was filed in 1969. This court held that the "claim has no merit because costs are taxed upon entry of judgment to the prevailing party, not at the time a complaint is filed." *Id.* at 481, 505 P.2d at 76.

The supreme court order providing for the amendment of Rule 38(H) stated that it would become effective after October 1, 1984. The order did not expressly state, as is usual, that the effective date referred to cases being filed on or after that date. Generally, the law that exists at the time when the right to have costs taxed is accrued, i.e., judgment, governs the question of whether costs may be allowed. *See generally* 20 Am.Jur.2d *Costs* § 7 (1965). Costs may be taxed under a statute, even though the action is pending, when the new statute becomes effective. *City of Wichita v. Chapman*, 214 Kan. 575, 521 P.2d 589 (1974). *But see State v. Norush*, 97 N.M. 660, 642 P.2d 1119 (Ct.App.1982) (held, an approved jury instruction applied retroactively operates like a prohibited ex post facto law).

Plaintiff argues that under SCRA 1986, 1–054(E), the trial court had discretion in awarding the jury costs, and, therefore, the trial court's decision to award plaintiff jury costs should be upheld. While we agree with plaintiff that the trial court has discretion in determining costs, *Baca v. Marquez*, 105 N.M. 762, 737 P.2d 543 (Ct.App.1987), the trial court in this case was not exercising its discretion. The trial court stated that it would "apply the rule that was in effect at the time of the filing of the lawsuit that created the rules of the issues at that time. So the jury fees will not be taxed." Since no party has a vested right to costs until after a judgment has been rendered, the trial court made his determination under a misapprehension of which rule applied. *See Mantz v. Follingstad.* The court erred in awarding costs for jury fees to plaintiff.

## CONCLUSION

In sum, we affirm as to plaintiff's issues. Plaintiff showed no prejudice from the granting of extra peremptory challenges to defendants, and the rule does not provide for equal challenges among all parties. It was not unreasonable for the trial court to determine that the two defendants had diverse interests under the causes of action raised by the complaint and upon which the case went to trial. The issue that defendants used all of their peremptory challenges against the regular panel and not alternates was not preserved. We reverse and remand on the cross-appeal of Wells Fargo; SCRA 1986, 1–038(H) is the applicable rule governing the award of jury costs. Defendants are awarded their costs on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.