**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: _____**

**Filing Date: August 29, 2013**

**Docket No. 33,659**

**QUALITY AUTOMOTIVE CENTER, LLC,**

      **Petitioner,**

**v.**

**HON. MANUEL I. ARRIETA,**

      **Respondent,**

**and**

**EUGENE RAMOS, on behalf of THE ESTATE OF PRISCILLA RAMOS as Next Friend of ANDREU RAMOS, RYAN RAMOS and MERCEDES RAMOS, minor children, PRICILLA LOU CEPEDA, on behalf of THE ESTATE OF RAMON GONZALEZ III, Deceased, and PRICILLA LOU CEPEDA, individually,**

      **Real Parties in Interest.**

**ORIGINAL PROCEEDING**

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Steven L. Lovett
Las Cruces, NM

for Petitioner

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

1

for Respondent

Cervantes Law Firm, P.C.
K. Joseph Cervantes
Las Cruces, NM

Scherr & Legate, P.L.L.C.
Maxey M. Scherr
El Paso, TX

for Real Party in Interest Eugene Ramos

**OPINION**

**VIGIL, Justice**.

## I.     INTRODUCTION

**{1}**     The narrow question in this case, presented to the Court by petition for writ of mandamus, is whether a district court judge has the authority to determine whether one of the named parties to a case pending before him is entitled to exercise an independent peremptory excusal filed against him. We answer this question affirmatively and hold that under Rule 1-088.1 NMRA, which provides the procedural mechanism for exercising a peremptory excusal, a district court judge has the authority to decide whether a peremptory challenge filed against him is both timely and correct. As part of this determination, the judge may decide whether a litigant is a "party" entitled to its own peremptory excusal within the meaning of the Rule 1-088.1. In reaching this conclusion, we recognize the need to amend Rule 1-088.1 to address its current deficiencies.

**{2}**     The present iteration of Rule 1-088.1 places significant, ongoing demands upon our district courts, and the current application of the rule leads this Court to acknowledge its ineffectiveness in our modern judiciary. As applied, the rule inhibits the judiciary's growing need to operate more efficiently. This is important given the ever increasing and demanding caseloads in our district courts. The current rule impedes the effective and efficient administration of justice by causing unnecessary delays in the timely resolution of cases, particularly in multi-party litigation.  Ultimately, we must strike a meaningful balance between a litigant's right to a fair and unbiased tribunal and the current demand upon our courts to resolve disputes as efficiently as possible. We weigh these concerns and conclude that the existing Rule 1-088.1 must be amended.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

**{3}**     The mandamus petition in this case arose out of a wrongful death suit in the Third Judicial District Court. According to the complaint, on May 20, 2009, Ramon Gonzalez was

driving a vehicle in Doña Ana County, New Mexico, when a rear tire blew out, causing Mr. Gonzalez to lose control of the vehicle, which collided with a pick up truck and resulted in the death of Mr. Gonzalez and his passenger, Priscilla Ramos. The Plaintiffs, Eugene Ramos and three minor children of Priscilla Ramos, allege that approximately three months earlier, Quality Tire & Service negligently installed oversized tires and rims on the vehicle, which increased the likelihood of tire failure and, consequently, caused the death of Priscilla Ramos. A receipt showed that the tires were purchased from Quality Tire & Service located at 7437 Alameda Avenue, El Paso, Texas.

**{4}**     On July 5, 2011, Plaintiffs filed a complaint for the alleged wrongful death of Priscilla Ramos against Quality Tire & Service located in El Paso, Texas and the Estate of Ramon Gonzalez, III. Plaintiffs sought damages for the death of Priscilla Ramos caused by the alleged negligence of the Defendant, Quality Tire & Service, its employees, agents and representatives. The complaint along with written discovery requests were served upon Quality Tire & Service on July 15, 2011.

**{5}**     The case was assigned to Judge Manuel I. Arrieta of the Third Judicial District Court. On August 5, 2011, attorneys Raúl A. Carrillo Jr. ("Carrillo") and Michael J. Thomas entered an appearance on behalf of Quality Tire & Service. Ten days later, on August 15, 2011, Carrillo filed a motion requesting an extension of time to answer the complaint, which Judge Arrieta granted.

**{6}**     On August 19, 2011, Carrillo filed an answer to the Plaintiffs' original complaint for wrongful death on behalf of Quality Tire & Service, and its previous owners, Arnoldo Chavez and Laura Chavez. The answer stated that Arnoldo Chavez and Laura Chavez had sold Quality Tire & Service in late 2002 or early 2003 and that they had not operated the business since at least January 15, 2003. Carrillo did not disclose to whom Quality Tire & Service was sold, and he made no mention of Defendant Oscar Chavez in the answer.

**{7}**     Quality Tire & Service did not answer Plaintiffs' discovery requests, so on December 5, 2011, Plaintiffs filed a motion to compel the discovery. Quality Tire & Service filed a response to the motion to compel. It also filed a motion to dismiss and a motion requesting to stay discovery pending a ruling on its motion to dismiss. On January 12, 2012, Judge Arrieta conducted a hearing on Plaintiffs' motion to compel discovery. Quality Tire & Service had previously requested and been granted a continuance on its motion to dismiss.

**{8}**     Carrillo entered a "special entry of appearance for a nonexistent defendant, Quality Tire & Service, and its former owners Arnold[o] and Laura Chavez." At the January 12th hearing, Carrillo argued that Quality Tire & Service was not a legal entity and that "[t]here used to be a business called Quality Tire Service, not [T]ire *and* [S]ervice" located "in proximity to the addresses identified in the complaint, but not at the same addresses identified in the complaint." (emphasis added). Carrillo stated further that Quality Tire Service was sold in January 2003 to Oscar Chavez, Arnoldo Chavez's brother. Carrillo presented a certificate of ownership filed by Oscar Chavez with the El Paso County Clerk

3

on January 29, 2003, for the business "Quality Automotive Center," located at 7437 Alameda Avenue in El Paso, the same address listed in Plaintiffs' complaint. Carrillo argued that Oscar Chavez's business "doesn't exist anymore" because on August 24, 2011, approximately a month and a half after Plaintiffs' complaint was filed, Oscar Chavez formed a limited liability company called "Quality Automotive Center, LLC." Quality Automotive Center, LLC is located at 7437 Alameda Avenue, and was operated by a sole member and manager, Oscar Chavez. For these reasons, according to Carrillo, Plaintiffs failed to "properly identify" a "Quality Tire" related defendant from which Plaintiffs could obtain discovery.

**{9}** Plaintiffs responded that their investigation revealed that Quality Tire & Service was doing business at both 7437 and 7439 Alameda Avenue, under the ownership of Arnoldo Chavez, Laura Chavez, and Oscar Chavez. Plaintiffs further asserted that Quality Tire & Service appeared to be an "active and good company" and that their lawsuit and discovery were served upon the entity shown on the receipt for the purchase of the tires. Counsel for the Plaintiffs further pointed out that even if Carrillo had documents showing that Arnoldo and Laura Chavez had sold the business "Quality Automotive Center" in 2003, that sale did not prevent another business from operating out of the same Alameda address. In other words, as Plaintiffs argued, Quality Tire & Service identified on the receipt for the purchase of the tires could still be in existence, owned by the three Chavezes, and operating out of the same location shown on the receipt.

**{10}** Judge Arrieta allowed discovery to proceed only on the issue of whether Quality Tire & Service was a proper defendant in the Plaintiffs' lawsuit. Judge Arrieta also permitted the parties to amend their complaint and answer. On February 6, 2012, Plaintiffs filed an amended complaint, naming numerous defendants including the three Chavezes, individually, and a number of businesses under various names, including Quality Tire & Service; Quality Automotive Center, LLC; Quality Transport Services; Quality Auto Center; and Quality Auto Sales. In their amended complaint, Plaintiffs alleged that these numerous entities were "in substance one and the same . . . . the alter ego of each other, [and] are acting solely as a conduit for the performance of each others' business and benefit and are jointly and severally liable for Plaintiffs' damages under the theories of piercing the corporate veil, alter ego, principal/agent [and] master/servant."

**{11}** On March 20, 2012, Carrillo entered an appearance and filed a notice of peremptory excusal on behalf of Quality Automotive Center, LLC to remove Judge Arrieta from the case, without cause, under Rule 1-088.1. Soon after, Carrillo filed a motion to dismiss on behalf of Quality Automotive Center, LLC. He argued that the LLC did not assume any of Oscar Chavez's liabilities when it was formed so it could not be held liable for Plaintiffs' damages.

**{12}** On April 24, 2012, Judge Arrieta wanted to review the peremptory excusal filed by Carrillo on behalf of Quality Automotive Center, LLC because "given the history of this case . . . Carrillo has entered an appearance on behalf of the Chavezes. . . . [and] once a party has

4

appeared [before] the Court and requested that the Court exercise its discretion, that party is then precluded from filing a peremptory excusal." At the hearing, Carrillo stated that "Quality Automotive Center, LLC, which filed the [excusal], has a statutory right to the recusal" and therefore, he was not obligated to provide a reason for the excusal and declined to advise Judge Arrieta on the issue.

**{13}** Judge Arrieta set forth the bases for his concerns about the appropriateness of the excusal filed by Quality Automotive Center, LLC to be as follows: (1) that on December 15, 2011, a motion to dismiss was filed on behalf of Quality Tire & Service, which contained Carrillo's representation of "[i]nterested parties Arnold[o] Chavez, Laura Chavez and Oscar Chavez"; (2) that on April 9, 2012, Carrillo filed a motion to dismiss on behalf of Quality Automotive Center, LLC that "indicated that Oscar Chavez was the sole organizer and sole manager" of the entity and further that the LLC had not been created until over a month after the Plaintiffs' original complaint had been filed. In short, Judge Arrieta asked whether, "Oscar Chavez, who[] [was] represented [] by the Carrillo Law Firm and who subsequently created a new entity a month after the original complaint [was entitled] to file a peremptory excusal . . . under Rule [1-0]88.1."

**{14}** Carrillo responded to Judge Arrieta by stating that Oscar Chavez and his LLC were two different entities, implying that Oscar Chavez's failure to file a peremptory excusal did not affect the LLC's right to do so. The Plaintiffs responded that Oscar Chavez and Quality Automotive Center, LLC were one and the same under either a derivative liability theory or that they should be treated as a single interest in the same way that the peremptory excusal statute recognizes an employer and insurer relationship as a single interest. Judge Arrieta requested supplemental briefing on the issue. However, before Judge Arrieta issued a ruling, Quality Automotive Center, LLC petitioned this Court for an emergency writ of mandamus to compel Judge Arrieta to recuse himself from the case based on its statutory right to a peremptory excusal.

**{15}** Upon consideration of the underlying facts in support of the petition for writ of mandamus, we denied the petition and remanded the matter "to the district court to decide the peremptory excusal identity of interest issue within the confines and respecting the purpose of Rule 1-088.1 NMRA." In this opinion, we examine the important principles upon which the right to excuse a judge without cause is based and the adverse impact that the current Rule 1-088.1 has upon the district courts. We conclude that Rule 1-088.1 must be amended in order to reach a meaningful balance between fairness to parties and efficiency in the administration of justice in our New Mexico district courts.

### III. DISCUSSION

**{16}** We begin by explaining why we denied Defendant's request for a writ of mandamus. This entails examining whether Judge Arrieta had the authority to decide whether a peremptory challenge filed against him was proper. We concluded that Judge Arrieta had the authority to determine whether the peremptory excusal was both "timely and correct" under

5

Rule 1-088.1. Therefore, his actions did not fall within the parameters of when mandamus shall issue.

**{17}** In reaching our decision to deny the petition for mandamus, we were required to interpret and apply Rule 1-088.1 to the facts of this case. Although we were able to ultimately conclude that Judge Arrieta properly exercised his authority under the current iteration of Rule 1-088.1, this process revealed the flaws and shortcomings of the rule in its current state. We write this opinion to discuss the problems with Rule 1-088.1 and explain why it must be amended. In doing so, we acknowledge the important principles underlying the rule as well as the adverse impact the current rule has upon our district courts.

**A.**  **We Denied Defendant's Petition for a Writ of Mandamus Because Judge Arrieta Properly Exercised His Authority Under Rule 1-088.1 to Determine Whether the Excusal Request Was Timely and Correct**

**{18}** Quality Automotive Center, LLC sought a writ of mandamus from this Court to forbid Judge Arrieta from presiding further in the case on the basis that he exceeded his statutory authority by attempting to determine the propriety of the peremptory excusal once it had been filed. We refused to exercise the power of mandamus upon Judge Arrieta after determining, for the reasons we explain below, that Judge Arrieta had the authority under Rule 1-088.1 to decide whether Quality Automotive Center, LLC's peremptory challenge was both timely and correct. We also acknowledge that such a determination would depend upon whether Quality Automotive Center, LLC has a sufficient diversity of interest from that of other defendants in the lawsuit, particularly, Oscar Chavez, so as to be entitled to exercise a separate peremptory challenge of the district judge. We begin by explaining the narrow circumstances in which this Court will issue a writ of mandamus.

**{19}** Article VI, Section 3 of the New Mexico Constitution provides that "[t]he supreme court . . . shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus . . . necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same." *See also* NMSA 1978, § 44-2-4 (1884) ("[A writ of mandamus] may be issued to any inferior tribunal . . . to compel the performance of an act which the law specially enjoins . . . ."); *accord State ex rel. Richardson v. Fifth Judicial Dist. Nominating Comm'n*, 2007-NMSC-023, ¶ 9, 141 N.M. 657, 160 P.3d 566 (recognizing this Court's original jurisdiction in mandamus). "Mandamus is a drastic remedy to be invoked only in extraordinary circumstances. Indeed, mandamus lies only to force a clear legal right against one having a clear legal duty to perform an act and where there is no other plain, speedy and adequate remedy in the ordinary course of law." *Richardson*, 2007-NMSC-023, ¶ 9 (internal quotation marks and citation omitted).

**{20}** The Supreme Court will exercise its original jurisdiction in mandamus when:

> [T]he petitioner presents a purely legal issue concerning the non-discretionary duty of a government official that (1) implicates fundamental

constitutional questions of great public importance, (2) can be answered on the basis of virtually undisputed facts, and (3) calls for an expeditious resolution that cannot be obtained through other channels such as a direct appeal.

*State ex rel. Sandel v. N.M. Pub. Util. Comm'n*, 1999-NMSC-019, ¶ 11, 127 N.M. 272, 980 P.2d 55; *see also* N.M. Const. art. VI, § 3 ("The supreme court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions . . . ."); NMSA 1978, § 44-2-5 (1884) ("The writ shall not issue in any case where there is a plain, speedy and adequate remedy in the ordinary course of law.").

**{21}**     In its petition for writ of mandamus, Quality Automotive Center, LLC argued that once it had filed its peremptory election to excuse Judge Arrieta without cause he should have refrained from any further action in the case. However, after Quality Automotive Center, LLC filed its peremptory election, Judge Arrieta held a hearing in order to determine whether it was entitled to exercise a separate peremptory excusal because if Quality Tire Center, LLC "is owned by the same individual who [had previously] entered an appearance, . . . that might preclude [the LLC from the right to exercise a] peremptory excusal."

**{22}**     Quality Automotive Center, LLC argued to this Court that as a separately named party to the lawsuit, it had a right to exercise a peremptory excusal, and Judge Arrieta had no authority to proceed in the case to examine whether it had a sufficient diversity of interest with other named parties. Quality Automotive Center, LLC asserted that as a separate party it is entitled to exercise a peremptory excusal under NMSA 1978, Section 38-3-9 (1985) and Rule 1-088.1 because (1) the language of Section 38-3-9 grants "[e]ach party to an action" the statutory right of one peremptory challenge; (2) Quality Automotive Center, LLC is a separate, legal entity from Oscar Chavez and is accorded all the rights of any other party, relying on *State v. Soutar*, 2012-NMCA-024, ¶ 37, 272 P.3d 154 ("A limited liability company is a legal entity") and *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex.1990) (corporate identity merges for purposes of liability); and (3) Quality Automotive Center, LLC came into existence on August 24, 2011, only after the filing of Plaintiffs' original complaint. Thus, according to Quality Automotive Center, LLC, the only complaint in which it was a properly named party was Plaintiffs' amended complaint filed in February 2012, to which it filed a timely peremptory excusal after it was served on March 9, 2012.

**{23}**     Our fault with these arguments stemmed from our interpretation of "party" as used in Section 38-3-9 and Rule 1-088.1.  Section 38-3-9 provides:

> A party to an action or proceeding, civil or criminal . . . shall have the right to exercise a peremptory challenge to the district judge before whom the action or proceeding is to be tried and heard . . . . After the exercise of a peremptory challenge, that district judge shall proceed no further.  *Each party to an action or proceeding may excuse only one district judge pursuant to the provisions of this statute*.

7

(Emphasis added). Similarly, Rule 1-088.1 for the district courts, in part, provides:

> No party shall excuse more than one judge. A party may not excuse a judge after the party has attended a hearing or requested that judge to perform any act other than an order for free process or a determination of indigency.
>
> . . .
>
> A party may exercise the statutory right to excuse the district judge before whom the case is pending by filing a peremptory election to excuse as follows:
>
> (1) A plaintiff may file a peremptory election to excuse within ten (10) days after [filing the complaint]. A defendant may file a peremptory election to excuse within ten (10) days after the defendant files the first pleading or motion pursuant to Rule 1-012 NMRA.
>
> . . .
>
> After the filing of a timely and correct exercise of a peremptory challenge, that district judge shall proceed no further.

Rule 1-088.1(A), (C)(1) & (F).

**{24}** The terms "timely and correct" lead us to interpret the rule as authorizing the judge before whom the case is pending to decide whether the peremptory excusal is in fact timely and correct. It is only *after* such determination that the district judge shall proceed no further in the case. Further, we hold that the judge's determination of whether the peremptory challenge is both timely and correct necessarily entails examining whether the party seeking to exercise the challenge is entitled to do so at the time the challenge is made. We recognize that neither the statute, nor the rule, provide a definition of the term "party." We interpret the term to mean a litigant with a sufficient diversity of interest from that of other parties in the case. It is only such diversity of interest that entitles a party to the right to exercise an independent right of excusal without cause.

**{25}** There are a number of factors that a judge may consider in making this determination. The Court of Appeals in *Carraro v. Wells Fargo Mortgage & Equity*, 1987-NMCA-122, ¶ 12, 106 N.M. 442, 744 P.2d 915, analyzed whether the interests of multiple parties were diverse, considering the following factors: "1) whether the parties employed the same attorneys; 2) whether separate answers were filed; 3) whether the parties interests were antagonistic; and, 4) in a negligence claim, whether different independent acts of negligence are alleged in a suit governed by comparative negligence." These factors are indicative of whether there is a sufficient diversity of interests amongst litigants on the same side of a lawsuit who seek to remove the district judge without cause. While *Carraro* involved the determination of whether the interests of multiple parties were diverse in the exercise of peremptory challenges of jurors, the *Carraro* factors are the type of factors that a district judge should consider in evaluating whether parties on the same side of a case share a similarity of interests. If they do share such similarity of interests, then allowing each named

8

party the right to exercise separate peremptory challenges may very likely result in gamesmanship or judge shopping.

**{26}** Thus, regardless of whether it is a distinct legal entity from Oscar Chavez individually, Quality Automotive Center, LLC overlooked the critical question of whether the interests and defenses of Oscar Chavez as an individual are sufficiently diverse from the LLC so that each would be entitled to exercise a separate peremptory excusal under Rule 1-088.1 as distinct parties. It was Judge Arrieta's duty to determine whether Quality Automotive, LLC was a distinct party to the action since, under Section 38-3-9 and Rule 1-088.1, a party is only entitled to one peremptory excusal. Although the facts and litigation posture presented to us in the petition for writ of mandamus would lead us to conclude that the interests and defenses of Quality Automotive Center, LLC, and Oscar Chavez are the same, that determination was ultimately up to Judge Arrieta to make.

**{27}** By holding a hearing and requesting additional briefing, Judge Arrieta was attempting to consider those factors necessary to decide whether or not Oscar Chavez and Quality Automotive Center, LLC were in fact parties who had sufficient similarity of interests to render them the same party for purposes of exercising a peremptory excusal.

**B.      Rule 1-088.1 Needs to Be Amended**

**{28}** Although we determined that Judge Arrieta had the authority under the current iteration of Rule 1-088.1 to decide whether the Defendant's peremptory excusal was timely and correct, our evaluation revealed the shortcomings in the rule as it is written, which we now seek to address. To ultimately be effective, the rule must balance litigants' rights to a fair and unbiased tribunal with the judiciary's need to effectively and efficiently administer justice in its courts. In order to strike this balance, we discuss the principles supporting the rule and the effects the current rule has on the judiciary's ability to manage its ever increasing caseloads effectively and efficiently.

**1.      Policy considerations supporting rule 1-088.1**

**{29}** The constitutional right to a fair and impartial tribunal is the fundamental policy consideration underlying Rule 1-088.1 and is the backbone of our judicial system. Article VI, Section 18 of the New Mexico Constitution provides:

> No justice, judge or magistrate of any court shall, except by consent of all parties, sit in any cause in which either of the parties are related to him by affinity or consanguinity within the degree of first cousin, or in which he was counsel, or in the trial of which he presided in any inferior court, or in which he has an interest.

"Article VI, Section 18 is indeed a further constitutional recognition of one's right to a fair and impartial tribunal and does guarantee that right . . . ." *State ex rel. Gesswein v. Galvan*,

9

1984-NMSC-025, ¶ 7, 100 N.M. 769, 676 P.2d 1334.

{30}    There are several mechanisms through which this important right is protected in our judicial system. For instance, a judge must recuse himself under certain circumstances. *See* N.M. Const. art. VI, § 18 (requiring recusal when judge is related to a party or has an interest in the case); *see also* Rule 21-211(A) NMRA ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ."); *Martinez v. Carmona*, 1980-NMCA-139, ¶ 19, 95 N.M. 545, 624 P.2d 54 ("A judge may be disqualified in New Mexico for statutory, constitutional or ethical cause."). Other methods include the right to a jury trial of one's peers, and the right to excuse potential jurors, either for cause or peremptorily, during the jury selection process. Article II, Section 12 of the New Mexico Constitution provides for the "right of trial by jury." Under this Section, a litigant "has the right to a fair and impartial jury." *State v. Quintana*, 2009-NMCA-115, ¶ 11, 147 N.M. 169, 218 P.3d 87 (analyzing this section and Article II, Section 14 in holding that in the context of a criminal trial, a defendant has the constitutional right to a fair and impartial jury). Finally, NMSA 1978, Section 38-5-14 (1991) and Rule 1-038(E) NMRA provide a means for impartiality by allowing litigants to excuse potential jurors either for good cause or by peremptory challenge during the *voir dire* process. *See also State v. Gutierrez*, 2011-NMSC-024, ¶ 45, 150 N.M. 232, 258 P.3d 1024 ("Voir dire allows a court to determine whether prospective jurors will be able to reach a verdict based solely on evidence received in open court, not from outside sources. Use of voir dire can establish whether there is such widespread and fixed prejudice within the jury pool that a fair trial in that venue would be impossible." (internal quotation marks and citations omitted)).

{31}    The right to excuse a judge without cause, embodied in Section 38-3-9 and Rule 1-088.1, is one of several procedural mechanisms available to insure a litigant's constitutional right to a fair and impartial tribunal. A party's right to excusal under Section 38-3-9 is a procedural right meant to effectuate the substantive right of a fair and impartial tribunal recognized by the New Mexico and United States constitutions. *See Gesswein*, 1984-NMSC-025, ¶ 16 (finding that Section 38-3-9 "provides a method of disqualification, a method procedural in nature and a prerogative of this Court."). The constitutional right to a fair and impartial tribunal is critical to the fair administration of justice and a litigant must be afforded the right to excuse a judge for cause. *Beall v. Reidy*, 1969-NMSC-092, ¶ 9, 80 N.M. 444, 457 P.2d 376 ("[A] prejudiced or biased judge who tries a case would deprive the party adversely affected of due process of law."); *Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 21, 277 P.3d 475 ("The purpose of [Article VI, Section 18] is based on due process considerations—to secure to litigants a fair and impartial trial by an impartial and unbiased tribunal." (internal quotation marks and citation omitted)).

{32}    We recognize the importance of preserving a litigant's right to remove a judge *for cause,* but given the many strains upon our district courts, we question whether the existing procedural mechanism which enables parties with similar interests to remove a judge from a case without stating a reason is necessary to preserve such litigants' constitutional right. This Court must uphold the constitutional right of litigants to a fair and impartial tribunal in

10

such a way that ensures not only that justice is administered fairly but also effectively, for one without the other is a denial of both. To do so requires us to strike a meaningful balance between these two critical concepts. Rule 1-088.1 in its current form fails to harmonize these two important concepts.

## 2.  Rule 1-088.1 leads to abuses

**{33}** The ability of any party to excuse a judge without justification has historically lead to abuses and gamesmanship. *See, e.g., State ex rel. Hannah v. Armijo*, 1933-NMSC-087, ¶ 38, 38 N.M. 73, 28 P.2d 511 (upholding the constitutionality of Chapter 184, Sections 1 through 3 of New Mexico Laws of 1933, a previous excusal statute, but recognizing "that it will be many times used for the mere purpose of delay . . . and that by repeated attacks upon the qualifications of the judges designated in a particular case it would be possible to exhaust the entire number of district judges in the state, thereby operating as a denial of justice."); *see also Notargiacomo v. Hickman*,1951-NMSC-069, ¶ 6, 55 N.M. 465, 235 P.2d 531 (rejecting the argument that the statute on judicial peremptory challenges should be interpreted broadly by stating, "[t]his we are not disposed to do in view of the recurrent abuses to which the statute is constantly being put to forestall trial and otherwise occasion delay. . . . [I]t is a fact recognized by bench and bar alike that patent abuses of the statute have grown up since its passage, as reflected by numerous efforts to amend and modify its terms at succeeding sessions of the legislature"), *overruled in part on other grounds by Beall*, 1969-NMSC-092, ¶ 18. Thus, while we acknowledge the importance of the right to challenge the assigned judge on the basis of impartiality in order to ensure the effective administration of the courts, we must also recognize that the right to excuse a judge without a stated reason should not exist without some limitation.

**{34}** An example of the types of abusive litigation tactics that can occur under the existing rule is shown in the case before us. Carrillo filed a motion to dismiss on behalf of Quality Tire & Service and the Chavezes, thereby invoking the discretion of Judge Arrieta. Oscar Chavez then later attempted to use his solely owned and operated LLC, which was created after the original complaint was filed and where he was named as a defendant, to exercise a peremptory excusal. The rule expressly prohibits the exercise of a challenge *after* a party has invoked such a ruling. *See* Rule 1-088.1(A) ("A party may not excuse a judge after the party has attended a hearing or requested that judge to perform any act other than an order for free process or a determination of indigency."). Quality Automotive Center, LLC's attempt to excuse Judge Arrieta can reasonably be considered as an abuse of the rule since the business had no discernible diverse interest from that of Oscar Chavez, who had the chance and failed to excuse Judge Arrieta. It is this type of party gamesmanship under Rule 1-088.1 that must be eliminated.

## IV.  CONCLUSION

**{35}** We conclude that a district judge before whom a case is pending has the authority to determine whether a peremptory challenge is both timely and correct.  That determination

includes the ability to decide who is a "party" under New Mexico's statute and rule on peremptory challenges. Although this holding answers the narrow question before us, this case reveals broader issues surrounding the use and application of the existing Rule 1-088.1. In reviewing the adverse effect the existing rule has upon our judicial system today, we conclude that the rule must be amended. Our goal in doing so is to develop a rule that is meaningful—one that maintains the right of everyone to a fair and impartial tribunal and one that eliminates the unnecessary delays caused by our current rule—so that we may always strive to attain an ever more effective and efficient system of justice in our New Mexico courts.

**{36}  IT IS SO ORDERED.**

 

_____
**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Chief Justice**

_____
**RICHARD C. BOSSON, Justice**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**